# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIE LEE MADDEN, JR.** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:08CV221-LG-JMR** |
| | § | |
| **HARRISON COUNTY; GAYLE PARKER, Clerk; MICHELLE CASANO, Court Reporter; and JOHN DOES 1-20** | § | **DEFENDANTS** |

## ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Amended Report and Recommendation [45] entered by Chief United States Magistrate Judge John M. Roper on February 25, 2010. Judge Roper recommends that the defendants' Motion for Summary Judgment [33] be granted. After conducting a thorough review of the Amended Report and Recommendation, the plaintiff's objection, the record in this matter, and the applicable law the Court finds that the Amended Report and Recommendation should be adopted as the opinion of this Court and that the defendants' Motion for Summary Judgment should be granted.

### DISCUSSION

On June 28, 2004, Willie Lee Madden, Jr., pled guilty to one count of transferring a controlled substance. He was sentenced as a habitual offender to serve fifteen years in the custody of the Mississippi Department of Corrections, due to his two prior felony convictions. Madden then filed a motion to receive a free copy of the transcript of the plea hearing, which was denied. Next, he filed a motion for post-conviction relief, which was also denied. Madden appealed the denial of his motions. He argued that his guilty plea was not knowingly and voluntarily entered because he was under the influence of medication and was suffering from

severe emotional stress caused by the illnesses and deaths of several family members. He also claimed that he was not informed of the maximum and minimum sentences applicable to the charge filed against him. Furthermore, he alleged that the circuit court failed to establish a factual basis for his guilty plea and that he was improperly charged as a habitual offender. Finally, he argued that he was denied effective assistance of counsel.

The Mississippi Court of Appeals affirmed the lower court's decision denying Madden a free transcript and held that a transcript was not necessary to decide his appeal. *Madden v. State of Miss.*, 991 So. 2d 1231, 1234 (¶¶ 6-7) (Miss. Ct. App. 2008). The Court further held that Madden's guilty plea was knowingly and voluntarily entered, because he signed a sworn plea petition that stated that his mental and physical health were satisfactory, that he would be sentenced as a habitual offender with a sentence range of zero to thirty years, and that he was not under the influence of any drugs or intoxicants. *Madden*, 991 So. 2d at 1234-35 (¶¶ 11-13). Madden's attorney also signed a certificate that provided that he fully explained the maximum and minimum sentences as well as the charge in the indictment to Madden. *Id.* at 1235 (¶ 12). The attorney gave the opinion that the plea was voluntarily given and that Madden was mentally and physically competent to make the plea. *Id.* The Court of Appeals also rejected Madden's argument that there was no factual basis for the charge because Madden admitted in the plea petition that he sold cocaine to an undercover agent. *Id.* at 1235 (¶ 16). Furthermore, the Court found that Madden had admitted that he had previously been convicted of two separate counts of possession of a controlled substance, which demonstrated that he was correctly sentenced as a habitual offender. *Id.* at 1236 (¶ 21). The Court further held that Madden's ineffective assistance claim was refuted by the contents of his sworn plea petition. *Id.* at 1236-37 (¶¶ 22-34).

On May 29, 2008, Madden filed the present lawsuit against Harrison County, Gayle Parker, and Michelle Casano, alleging that the these defendants refused to provide him with a copy of the transcript of his plea and sentencing hearings after he paid for them. He alleges that his claims arose in April of 2008, when he mailed a check in the amount of $115.00 to Court Reporter Casano and she failed to provide him with the transcript. The $115.00 was deducted from Madden's inmate account, but was later redeposited after he asked the prison to investigate what had happened to the funds. Casano has signed an affidavit [35-2] in which she states that she never received the check from Madden.

Madden asserts claims for obstruction of justice, refusal to give a certified copy of a paper pursuant to Miss. Code Ann. § 97-11-17, failure to deposit funds pursuant to Miss. Code Ann. § 9-1-43, unfair or deceptive trade practices pursuant to Miss. Code Ann. § 75-24-20, and wilful neglect of duty by a court reporter pursuant to Miss. Code Ann. § 9-13-45. In the Amended Report and Recommendation, Judge Roper noted that all of the Mississippi statutes cited by Madden are criminal statutes and that Section 1983 only affords a remedy to those who are deprived of federally protected rights. *See White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981) (explaining that Section 1983 affords a remedy only to those who suffer a deprivation of rights secured by the Constitution and federal law as a result of state action). In addition, to the extent that Madden may be attempting to file state law claims pursuant to the Mississippi statutes, the Court finds that the defendants have demonstrated that those claims should be dismissed pursuant to Miss. Code Ann. § 11-46-11 because Madden did not provide notice of his claim and because Madden's lawsuit was filed after the one-year statute of limitations expired for his claims. Furthermore, even if Madden's state law claims were not barred by Miss. Code Ann. §

11-46-11, the defendants are immune from liability pursuant to Miss. Code Ann. § 11-46-9 (m), because Madden was incarcerated at the time his claims arose.

In a pleading [7] filed on July 14, 2008, Madden argued that the defendants' conduct in allegedly failing to provide the transcript denied him due process of law and access to courts. As a result, Judge Roper construed Madden's claims as a civil rights lawsuit filed pursuant to 42 U.S.C. § 1983 for denial of due process and access to courts. He recommends that Madden's claims against Harrison County and his official capacity claims against Parker and Casano be dismissed because Madden has failed to allege the existence of an official policy that caused a violation of his constitutional rights. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (holding that a municipality is almost never liable for an isolated unconstitutional act on the part of an employee, and that a plaintiff must demonstrate the existence of an official policy that caused the violation of his constitutional rights).

With regard to Madden's claims against Casano and Parker in their individual capacities, Judge Roper determined Madden's lack of a transcript did not prevent him from filing a post-conviction motion and an appeal. He also found that a copy of the transcript was not necessary for the motion and appeal, and Madden's claims were directly contradicted by his sworn plea petition. As a result, Madden cannot demonstrate that the lack of a transcript caused him prejudice, such that his denial of access to courts and due process claims against these defendants are without merit. *See Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992) (holding that a denial of access to courts claim is not valid if a litigant's position is not prejudiced by the alleged violation); *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980) (holding that prejudice to the litigant is one of the factors to consider when determining whether a delay in providing a

transcript violated a litigant's right to due process). In addition, Judge Roper found that there was no evidence that either Casano or Parker acted in bad faith or that they ever received payment for the transcript. *See Slavin v. Curry*, 574 F.2d 1256, 1265-66 (5th Cir. 1978), *modified on other grounds by* 583 F.2d 779 (5th Cir. 1978), *overruled on other grounds by Sparks v. Duval County Ranch Co.*, 604 F.2d 976 (5th Cir. 1979) (holding that a court reporter and court clerk can raise a defense of qualified immunity "if they can show that [they were] acting pursuant to [their] lawful authority and following in good faith the instructions or rules of the Court and [were] not in derogation of those instructions or rules."). As a result Judge Roper recommends that the defendants' Motion for Summary Judgment be granted.

Madden has filed an Objection to the Amended Report and Recommendation. He argues that he was prejudiced by the defendants' alleged conduct because the transcript of his plea hearing would demonstrate that he became ill and had to sit down. He also alleges that his attorney knew he was physically and mentally ill but said nothing during his plea hearing. He also claims that his attorney knew he had been improperly sentenced as a habitual offender. In addition, he alleges that he has been confused with a nephew who has the same name and some of the charges against him actually concerned crimes committed by his nephew. Finally, he argues, for the first time and without any supporting evidence, that his son has attempted to obtain the transcript from the defendants, but the defendants refused to provide it. Once again, Madden's signed and sworn plea petition directly contradicts his assertions, since he stated that he was in good health and not under the influence of drugs or alcohol when he agreed to the plea. He also admitted that he committed the crime of transfer of a controlled substance as well as the accuracy of the two prior convictions for possession of a controlled substance. In addition, the

-5-

transcript would not demonstrate what Madden's attorney knew or did not know. As a result, the Court finds that Judge Roper properly determined that Madden's claims should be dismissed because he was not prejudiced by the alleged failure to provide a transcript. Therefore, the Amended Report and Recommendations entered on February 25, 2010, is adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Amended Report and Recommendation [45] entered by Chief United States Magistrate Judge John M. Roper on February 25, 2010, is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion for Summary Judgment [33] filed by the defendants is **GRANTED**. The plaintiff's claims against the defendants are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2010.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge